## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| INTEPLAST GROUP, LTD., | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| COROPLAST, INC., | ) |
| Defendant. | ) |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Inteplast Group, Ltd. ("Inteplast"), for its Complaint for Patent Infringement against Coroplast, Inc. ("Coroplast"), alleges as follows:

### Parties

1. Plaintiff Inteplast is a Texas limited partnership having a principal place of business at 9 Peach Hill Tree Road, Livingston, New Jersey 07039.

2. Defendant Coroplast is a Texas corporation with a principal place of business at 4501 Spring Valley Road, Dallas, Texas 75244.

### Jurisdiction and Venue

3. Inteplast's claims against Coroplast arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6. This Court has personal jurisdiction over Coroplast because it sells and offers for sale infringing COROPLAST SMOOTH products in this District through an established network

1

of distributors, including but not limited to, Regal Plastic Supply Company, d/b/a Regal Plastic Supply Company ("Regal"), a Missouri corporation with a place of business at 1456 Ashby Rd., Saint Louis, Missouri 63132.

### Patent in Suit: U.S. Patent No. 6,759,114 B2

7. On July 6, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,759,114 (the "'114 Patent"), entitled "Light Weight Board of Improved Surface Flatness and Process for Production Thereof," to Phillip C.L.Wu, Yao Cheng, Haur Horng Yang, and Jyh-yao Raphael Li. Inteplast is the assignee and owner of the '114 Patent, a copy of which is attached hereto as Exhibit A.

8. The '114 Patent is entitled to a presumption of validity.

### COUNT I: Infringement of the '114 Patent

9. Inteplast repeats the allegations of paragraphs 1-8 above as if fully set forth herein.

10. By making, using, selling, and/or offering for sale its COROPLAST SMOOTH products, and by purposefully selling and/or offering these infringing products through an established network of distributors (Regal and others) in the Eastern District of Missouri, Coroplast has infringed one or more claims of the '114 Patent either directly, contributorily, and/or by inducing others to infringe, in violation of 35 U.S.C. § 271.

11. Coroplast's conduct has caused, and will continue to cause Inteplast irreparable harm for which there is no adequate remedy at law. Inteplast seeks an order permanently enjoining Coroplast from engaging in its infringing conduct. Under 35 U.S.C. § 284, Inteplast also seeks compensation for those damages from Coroplast in an amount that cannot be presently quantified but will be ascertained at trial.

2

## **Prayer for Relief**

WHEREFORE, Inteplast prays for judgment and seeks relief against Coroplast as follows:

    A.    For judgment that the '114 Patent has been and continues to be directly and/or indirectly infringed by Coroplast;

    B.    For its damages caused by Coroplasts' infringing conduct together with prejudgment interest;

    C.    For its costs of suit; and

    D.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SENNIGER POWERS LLP

Date: September 16, 2008

By: _____
David W. Harlan, #20127
B. Scott Eidson, #517872
100 N. Broadway, 17th Floor
St. Louis, MO 63102
(314) 345-7000
(314) 345-7000 Facsimile
dharlan@senniger.com
seidson@senniger.com

*Attorneys for Plaintiff Inteplast Group, Ltd.*

3