UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTEPLAST GROUP, LTD., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:08-CV-01413-CAS ) |
| COROPLAST, INC., | ) ) ) |
| Defendant. | ) |

## DEFENDANT COROPLAST'S ANSWER AND COUNTERCLAIMS

COMES NOW Defendant Coroplast, Inc. ("Coroplast"), by and through its counsel of record, hereby responds to the Complaint filed by plaintiff Inteplast Group, Ltd. ("Inteplast") as follows:

### PARTIES

1. Coroplast lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 1 and, on that basis, denies them.

2. Coroplast denies that it is a Texas corporation, but otherwise admits the allegations in Paragraph 2.

### JURISDICTION AND VENUE

3. Paragraph 3 contains no factual allegations and therefore no response to Paragraph 3 is required. To the extent a response is required, Coroplast denies the allegations contained in Paragraph 3.

4. Paragraph 4 contains no factual allegations and therefore no response to Paragraph 4 is required. To the extent a response is required, Coroplast denies the allegations contained in Paragraph 4.

5. Paragraph 5 contains no factual allegations and therefore no response to Paragraph 5 is required. To the extent a response is required, Coroplast denies the allegations contained in Paragraph 5.

6. Coroplast admits that it sells a product known as COROPLAST SMOOTH™. Coroplast further admits that it sells the COROPLAST SMOOTH™ product through a distributor by the name of "Regal Plastic Supply Company." Coroplast admits that Regal Plastic Supply Company has a place of business in Missouri, but denies that Regal Plastic Supply Company is a Missouri corporation. Coroplast also denies that its product is "infringing" and, except as expressly admitted, Coroplast denies each and every allegation in Paragraph 6.

## PATENT IN SUIT

7. In response to Paragraph 7, Coroplast admits that Exhibit A to the Complaint appears to be a copy of United States Patent No. 6,759,114 ("the '114 Patent"), which issued on July 6, 2004. Coroplast also admits that the '114 Patent purports to have been issued to Inteplast. Coroplast lacks sufficient knowledge or information upon which to form a belief as to the veracity and/or validity of the assignment to Inteplast and/or the records of the United States Patent & Trademark Office ("USPTO") and, on that basis, denies that Inteplast is the assignee and owner of the '114 Patent. Except as expressly admitted, Coroplast denies each and every allegation in Paragraph 7.

8. Paragraph 8 contains no factual allegations and therefore no response to Paragraph 8 is required. To the extent a response is required, Coroplast denies the allegations contained in Paragraph 8.

## COUNT I

9. Coroplast hereby incorporates by reference its responses to the foregoing paragraphs as though fully set forth herein.

10. Coroplast denies the allegations contained in Paragraph 10.

11. Coroplast denies the allegations contained in Paragraph 11.

## AFFIRMATIVE DEFENSES

Coroplast asserts the following affirmative defenses and reserves the right to assert additional defenses that may become apparent during the course of investigation and/or discovery and hereby reserves the right to amend this Answer to assert any such defense.

### First Affirmative Defense
### (Failure to State a Claim)

Inteplast's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

Coroplast has not infringed, directly or indirectly, any claim of the '114 Patent, either literally or under the Doctrine of Equivalents.

### Third Affirmative Defense
### (Invalidity)

The '114 Patent is invalid and/or void for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including without limitation Sections 102, 103, and 112 thereof.

### Fourth Affirmative Defense
### (Laches/Equitable Estoppel)

Upon information and belief, Inteplast's claims for relief are barred by laches and/or equitable estoppel.

### Fifth Affirmative Defense
### (Limitation on Damages)

Inteplast's recovery of damages is limited by 35 U.S.C. § 287.

### Sixth Affirmative Defense
### (Inequitable Conduct)

Upon information and belief, Inteplast and/or an inventor of the '114 Patent is guilty of inequitable conduct rendering the '114 Patent unenforceable.

### RESERVATION OF DEFENSES

Coroplast intends to rely upon any additional affirmative and separate defense that may become apparent during the course of investigation and/or discovery and hereby reserves the right to amend this Answer to assert any such defense.

**WHEREFORE**, Coroplast prays for judgment as follows:

1. That Inteplast take nothing by way of the Complaint;

2. That Coroplast be awarded judgment against Inteplast and awarded its costs and attorneys' fees; and

3. That Coroplast be awarded such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

By way of further Answer and Counterclaim, Coroplast alleges as follows:

1. Coroplast is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Texas.

2. Inteplast alleges in its Complaint that it is a Texas limited partnership having a principal place of business in New Jersey.

3. This Court has jurisdiction over the subject matter of the Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has jurisdiction over the Counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. To the extent that this action remains in this District, venue is appropriate because Inteplast has consented to venue in this Court by filing its Complaint in this Court.

## FIRST COUNTERCLAIM
### (Declaratory Judgment – Invalidity of U.S. Patent No. 6,759,114)

5. Coroplast hereby incorporates by reference its allegations from Paragraphs 1 through 4 of the Counterclaims above as though fully set forth herein.

6. Inteplast alleges and/or implies that the '114 Patent is valid and enforceable and that Coroplast has infringed one or more claims of that patent.

7. Coroplast contends that each of the claims in the '114 Patent is invalid for failure to satisfy one or more of the requirements for patentability set forth in 35 U.S.C. §§ 102, 103, and 112.

8. By reason of the foregoing, an actual controversy exists between Inteplast and Coroplast as to the validity of the '114 Patent, and Coroplast requests a declaration that the claims of the '114 Patent at issue are invalid for failure to satisfy one or more of the conditions

of patentability indicated above.

## SECOND COUNTERCLAIM
### (Declaratory Judgment – Non-Infringement of U.S. Patent No. 6,759,114)

9. Coroplast hereby incorporates by reference its allegations from Paragraphs 1 through 8 of the Counterclaims above as though fully set forth herein.

10. Inteplast alleges and/or implies that the '114 Patent is valid and enforceable and that Coroplast has infringed one or more claims of that patent.

11. Coroplast contends that it does not make, use, or sell, and has not made, used, or sold in the United States any products that infringe any valid claim of the '114 Patent, either directly or indirectly, contributorily, or otherwise, and has not induced any others to infringe the '114 Patent.

12. By reason of the foregoing, an actual controversy exists between Inteplast and Coroplast as to infringement of the '114 Patent, and Coroplast requests a declaration from the Court finding that Coroplast's products do not infringe any valid claim of the '114 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Coroplast prays that this Court enter judgment in its favor and against Inteplast with regard to the above Counterclaims and grant the following relief:

A.  a judgment dismissing Inteplast's Complaint in its entirety with prejudice;

B.  a judgment declaring that:

   (i)  each of the claims in U.S. Patent No. 6,759,114 is invalid;

   (ii)  Coroplast has not infringed and does not infringe any valid claim of U.S. Patent No. 6,759,114;

   (iii)  this case is exceptional under 35 U.S.C. § 285 and Coroplast is entitled to recover its reasonable costs and attorneys' fees from Inteplast; and

   (iv)  for such other and further relief as the Court deems just and proper.

/s/ Marc T. Rasich
Marc T. Rasich (Pro Hac Vice Admission Pending)
Matthew D. Thayne (Pro Hac Vice Admission Pending)
STOEL RIVES LLP
Attorney for Defendant
201 S. Main St., Suite 1100
Salt Lake City, UT 84111
(801) 328-3131
(801) 578-6999 (Fax)

/s/Jessica L. Liss
Jessica L. Liss  #51331
Federal Registration No. 93685
RABBITT, PITZER & SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 14th day of April, 2009 to be served by operation of the Court's electronic filing system upon the following: Mr. David W. Harlan and Mr. B. Scott Eidson, Attorneys for Plaintiff, 100 N. Broadway, 17th Floor, St. Louis, Missouri 63102.

/s/ *Jessica L. Liss*