UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTEPLAST GROUP, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08-CV-1413 CAS |
| v. ) | |
| ) | |
| COROPLAST, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Coroplast, Inc.'s Motion to Stay Pending Outcome of Reexamination Proceedings Involving U.S. Patent No. 6,759,114. Plaintiff Inteplast Group, Ltd. ("Inteplast") opposes the motion. Coroplast has filed a reply and this matter is fully briefed. For the following reasons, the Court will grant the motion to stay the case pending reexamination by the United States Patent and Trademark Office.

**Background**

Inteplast is the assignee of a patent entitled "Light Weight Board of Improved Surface Flatness and Process for Production Thereof," U.S. Patent Nos. 6,759,114 ("the '114 patent"). Inteplast alleges that Coroplast has sold and offered for sale in this judicial district infringing products, specifically its Coroplast Smooth products.

On September 16, 2008, Inteplast filed a one-count complaint asserting a claim for patent infringement and seeking monetary damages. Inteplast sought an extension of the service deadline to February 13, 2009. On April 14, 2009, Coroplast filed its Answer and Counterclaim. Coroplast's two-count counterclaim seeks a declaratory judgment of patent invalidity and patent non-infringement. A Rule 16 Scheduling Conference was held in the case on May 7, 2009 and a Case

Management Order was issued the next day. On May 15, 2009, Coroplast filed a Request for Ex Parte Reexamination of the '114 Patent with the United States Patent and Trademark Office ("PTO"), based on prior art which it claims was not cited or considered during prosecution of the '114 Patent. On May 27, 2009, Coroplast filed the instant motion to stay, which asks the Court to stay this action in its entirety until the PTO completes its reexamination of the '114 Patent.

**Discussion**

In patent actions, courts "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citation and citation omitted). As this Court has previously noted, several courts have observed that sponsors of the patent reexamination legislation favored stays by district courts pending reexamination in order to settle disputes more quickly at lower cost, and to provide courts with the benefit of the PTO's expertise. Lifeline Techs., Inc. v. Archer Daniels Midland Co., 2009 WL 995482, *2 (E.D. Mo. Apr. 14, 2009) (citing Watlow Elec. Mfg. Co. v. Ogden Mfg. Co., 2006 WL 1892546, at *1 (E.D. Mo. July 10, 2006)).

Courts should consider three factors when determining whether to grant a stay pending reexamination: (1) whether discovery is complete and a trial date has been set; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party. Watlow, 2006 WL 1892546, at *1 (citing Middleton, Inc. v. Minnesota Mining and Mfg. Co., 2004 WL 1968669, at *3 (S.D. Iowa Aug. 24, 2004)).

Having carefully considered this matter, the Court finds that each factor weighs in favor of granting the motion to stay this case.

This case is in its preliminary stages. The initial Rule 16 Scheduling Conference was held on May 7, 2009. A trial date of August 9, 2010 has been set, but if fact discovery has commenced in the case, it has just begun. The Court is not aware that the parties have engaged in any expert discovery relating to the issues of validity, infringement, inequitable conduct or damages. As a result, a stay would not result in wasted efforts and resources. A stay is particularly appropriate in cases in the initial stages of litigation where there has been little discovery. See, e.g., Ho Keung Tse v. Apple Inc., 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007) (citing cases).

The Court believes that a stay will simplify the issues and facilitate trial of the case, even though not all of the issues raised in Coroplast's counterclaims can be raised in the reexamination proceedings. A stay is warranted to avoid the waste of judicial and party resources. The patent claims at issue in this case could be confirmed, amended or cancelled during reexamination. If the claims are confirmed without amendment, the Court would have the benefit of the PTO's analysis of the disputed claim terms in ruling on claim construction. See SKF Condition Monitoring, Inc. v. SAT Corp., 2008 WL 706851, at *7 (S.D. Cal. Feb. 27, 2008) (the Patent Office's "expert evaluation" and "understanding of the claims" is "also likely to aid this Court in the preliminary process of claim construction"). If the claims are cancelled, claim construction would be irrelevant; if they are amended, claim construction would have to be repeated. Allowing the PTO to complete its reexamination first will simplify the case by facilitating the limiting of issues, defenses and evidence, and possibly eliminating the case entirely by settlement or otherwise. The reexamination will have a significant impact on the issues in this case, regardless of its outcome.

Finally, the Court finds that Inteplast would not be unduly prejudiced by the grant of a stay. Inteplast asserts three bases of prejudice, which the Court will discuss in turn. First, Inteplast and

Coroplast are direct competitors and Coroplast's accused product is identical to its patented product, so sales lost to Coroplast equate to lost customers and lost market share, which cannot be cured by monetary compensation. Second, a stay would create a tactical disadvantage for Inteplast because reexamination proceedings, on average, take over two years to complete, and it is likely witnesses may become unavailable and evidence lost during that time. Third, the stay would allow Coroplast to try its invalidity case twice--once before the Patent and Trademark Office and then before this Court--because an ex parte request for reexamination has no collateral estoppel effect on Coroplast.

Inteplast's assertions concerning its direct competition with Coroplast are significantly weakened by several facts. First, Coroplast has sold the accused product since January 2006, but Inteplast waited until September 2008 to file suit and then sought an extension of the service deadline through February 13, 2009. Coroplast also avers that it sold a prior version of the accused product, which contained similar features, as early as 1991. Inteplast's argument that it is prejudiced by the loss of market share is contradicted by its delay in pursuing its infringement claims. See, e.g., O'Keeffe's, Inc. v. Technical Glass Prods., 2007 WL 4105976, *2 (N.D. Cal. Nov. 16, 2007) (rejecting prejudice argument against stay in part because the plaintiff had already waited more than a year since the issuance of its patent to commence its infringement action). Second, Inteplast has offered Coroplast a license to the '114 Patent and stated in a letter to Coroplast that its preference was to resolve the litigation by entering into a license agreement. This offer indicates that Inteplast is willing to forgo its patent rights for monetary compensation. Cf. High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1557 (Fed. Cir. 1995) (affirming denial of preliminary injunction in part because the patent holder had offered the alleged infringer a license, indicating that any injury it suffered would be compensable in money damages and was not irreparable harm).

4

Finally, Inteplast has not sought any form of injunctive relief in this action, which tends to suggest that a stay would not be unduly prejudicial to it. See Insituform Techs., Inc. v. Liqui-Force Servs. (USA), Inc., 2009 WL 1469660, *2 (E.D. Mich. May 26, 2009) (plaintiff's failure to move for a temporary restraining order or preliminary injunction was a factor in court's finding that a stay pending patent reexamination would not be unduly prejudicial) (citing cases).

Inteplast's argument that it will suffer tactical disadvantages if a stay is entered is merely speculative. It is undisputed that staying this matter will result in a delay which may extend to two years. Courts have observed, however, that "parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework." KLA-Tencor Corp. v. Nanometrics, Inc., 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006) (quotation marks and quoted case omitted). Coroplast is legally entitled to invoke the reexamination process and if the PTO upholds Inteplast's patent, this will strengthen Inteplast's rights because Coroplast's burden of proof will become more onerous. See id. "Under such circumstances, the delay inherent to the reexamination process does not constitute, by itself, undue prejudice." Id. Inteplast has not shown that it will be subjected to a clear tactical disadvantage if a stay is imposed.

Inteplast's final argument, that allowing a stay pending reexamination will allow Coroplast an unfair "second bite at the apple," is unavailing. This Court recently rejected a similar argument in Lifeline, 2009 WL 995482, at *3, and rejects it here. "In creating the reexamination process, Congress countenanced a scheme in which a patent's validity may come under attack in both a courtroom and the PTO." VData, LLC v. Aetna, Inc., 2006 WL 3392889, at *5 (D. Minn. Nov. 21, 2006) (citing Ethicon, 849 F.2d at 1426-27); see McNeil-PPC, Inc. v. Procter & Gamble Co., 767 F.Supp. 1081, 1086 (D. Colo. 1991) ("Congress authorizes challengers to take 'two bites of the

5

apple.'"). Courts routinely grant stays of litigation pending the PTO's reexamination decision. VData, LLC, 2006 WL 3392889, at *5. Inteplast's assertion that any prior art raised in the reexamination proceeding should be excluded from subsequent proceedings in this case is more properly raised following reexamination.

**Conclusion**

For the foregoing reasons, the Court finds that a stay pending reexamination is appropriate in this case because the case is at a very early stage, reexamination proceedings are likely to simplify the issues and promote judicial economy, and a stay will not unduly prejudice or present a clear tactical disadvantage for the patent holder.

Accordingly,

**IT IS HEREBY ORDERED** that Coroplast, Inc.'s Motion to Stay Pending Outcome of Reexamination Proceedings Involving U.S. Patent No. 6,759,114 is **GRANTED**. [Doc. 23]

**IT IS FURTHER ORDERED** that this action is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall jointly notify the Court in writing within ten (10) days of any action by the United States Patent and Trademark Office on the reexamination.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of June, 2009.