**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| INTEPLAST GROUP, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:08-cv-01413-CAS |
| ) | |
| ) | |
| COROPLAST, INC., ) | |
| ) | |
| Defendant. ) | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT
PURSUANT TO RULE 4-3 OF JUDGE SHAW'S PATENT RULES**

Pursuant to the Court's Order (Doc. 36), and Rule 4-3 of Judge Shaw's Patent Rules, Plaintiff Inteplast Group, LTD. ("Inteplast") and Defendant Coroplast, Inc. ("Coroplast") hereby submit their Joint Claim Construction and Prehearing Statement.

**4-3(a): Agreed Constructions for U.S. Patent No. 6,759,114 (the "'114 Patent"):**

| Claim Term/Phase | Agreed Construction |
|---|---|
| "depression bands" | A depressed line on the surface of the hollow thermoplastic sheeting extending along the junction of the sheet and ribs. |
| "integral extrusion" | Material exiting extruding equipment as a unitary structure. |

**4-3(b): Construction of Disputed Claim Terms and Supporting Evidence:**

*I. Inteplast's Proposed Constructions and Supporting Evidence.*

| Claim Term/Phrase | Definitions | Intrinsic/Extrinsic Support |
|---|---|---|
| "closed bubbles" | Enclosed cells containing gas | *Intrinsic*<br><br>Claim 2 (9:11); REClaim 12 (RE2:3; 2:10); REClaim 15 (2:22); REClaim16 (2:31; 2:37; 2:40); REClaim21 (RE2:63).<br><br>Specification: 6:33-48; 6:57-59; 8:57; Fig. 1 (7)<br><br>File History (INT23); File History (INT24)<br><br>RE File History (INT206)<br><br>*Extrinsic*<br><br>Webster's New World (closed)<br><br>Webster's New World (bubble)<br><br>Webster's New World (cell) |
| "foamed extension to said ribs" | The lengthening of the ribs resulting from the presence of closed bubbles. | *Intrinsic*<br><br>Claim 2 (9:12); REClaim 12 (RE2:4); REClaim16 (RE2:32); REClaim 15 (RE2:22-24<br><br>Specification: 2:46-53; 6:37-48<br><br>File History (INT24)<br><br>RE File History (INT202); RE File History (INT207; 271; 304)<br><br>*Extrinsic*<br><br>Hawley's Condensed Chemical Dictionary (foam)<br><br>Hawley's Condensed Chemical Dictionary (blowing agent) |

2

| **Claim Term/Phrase** | **Definitions** | **Intrinsic/Extrinsic Support** |
|---|---|---|
| "generally free of gas pockets comprising closed bubbles" | Free of a substantial number of gas pockets caused by a blowing agent. | *Intrinsic*<br><br>REClaim 12 (RE2:9); REClaim 16 (RE3:39)<br><br>Specification: Figs 1, 2, 3, and 5; 3:47-51; 6:49:53<br><br>RE File History (INT202)<br><br>*Extrinsic*<br><br>Webster's New World (generally)<br><br>Hawley's Condensed Chemical Dictionary (foam)<br><br>Hawley's Condensed Chemical Dictionary (blowing agent) |
| "contains a blowing agent" | Include(s) the activated form of a substance that, when activated, generates gas to form closed bubbles. | *Intrinsic*<br><br>REClaim 13 (RE2:12-13); REClaim 20 (RE2:55-56)<br><br>Specification: 4:26-28; 4:34-45; 4:46-49; 3:44-46; 6:21-30; 8:35-38; 9:57-60.<br><br>File History (INT24)<br><br>*Extrinsic*<br><br>Webster's New World (contains)<br><br>Webster's New World (agent)<br><br>Hawley's Condensed Chemical Dictionary (foam)<br><br>Hawley's Condensed Chemical Dictionary (blowing agent) |
| "skin layers" | The outermost surface of the planar sheet. | *Intrinsic*<br><br>REClaim 18 (RE2:49); REClaim 19 (RE2:53); REClaim 20 (RE2:57)<br><br>Specification: 8:32<br><br>*Extrinsic*<br><br>Webster's New World (skin) |

3

| **Claim Term/Phrase** | **Definitions** | **Intrinsic/Extrinsic Support** |
|---|---|---|
| "Core Layer" | A stratum, including the extending ribs, between the top skin layer and the bottom skin layer. | *Intrinsic*<br><br>REClaim 17 (RE2:42-48); REClaim 18 (RE2:49); REClaim 20 (RE2:55)<br><br>Specification: 8:12-14; 8:38; Fig. 5<br><br>RE File History (INT 211; 257; 307)<br><br>*Extrinsic*<br><br>Webster's New World (layer) |
| "formed in an integral form" | Created at once as a unitary structure. | *Intrinsic*<br><br>Claim 2 (9:16); REClaim 14 (RE2:17); REClaim 18 (RE2:50);<br><br>Specification: 1:27-31; 1:50-57; 3:38; Fig. 1; 6:6-8; 3:60-4:16; 8:6-8; Fig. 2.<br><br>File History (INT30; INT31)<br><br>RE File History (INT208-209)<br><br>*Extrinsic*<br><br>Webster's New World (integral)<br><br>Webster's New World (unity) |
| "ribs" | Extensions of the thermoplastic sheeting that connect the substantially parallel sheets/layers. | *Intrinsic*<br><br>Claim 2 (9:13-15); REClaim 12 (RE2:5-7); REClaim 16 (RE2:33-34);<br><br>Specification: 1:13-15; 1:30-34; 2:46-48; 1:57-62; Fig. 1; 3:36-46; 5:14-17; 6:5-20; 7:28-30. |
| "Light Weight" | The term "light weight" requires no construction. In the alternative, the term light weight means: "Having a weight that is less than a solid board having identical dimensions and made of the same material." | *Intrinsic*<br><br>Specification: 1:9-12; 1:62-64. |

4

| **Claim Term/Phrase** | **Definitions** | **Intrinsic/Extrinsic Support** |
|---|---|---|
| "Planar Sheet" | The term "planar sheet" requires no construction. In the alternative, the term "planar sheet" means: "A sheet of thermoplastic material that is substantially flat." | *Intrinsic*<br><br>Specification: 3:35-38; 8:10-13; Figs. 1 and 5. |
| "Fixed gas pockets" | The term "fixed gas pockets" requires no construction. In the alternative, the term "fixed gas pockets" means: "Immobile enclosed cells of gas." | *Intrinsic*<br><br>Specification: 6:38-44; 6:45-48; 8:57-61. |
| "Small" | The term "small" requires no construction. In the alternative, the term "small" means: "Having dimensions that are less than the respective dimensions of the rib." | *Intrinsic*<br><br>Specification: Figs. 2, 5, and 8; 2:47-49; 3:5-9; 3:20-22; 3:44-48; 6:45-48. |

## II. *Coroplast's Proposed Constructions and Supporting Evidence.*

| **Claim Term/Phrase** | **Definitions** | **Intrinsic/Extrinsic Support** |
|---|---|---|
| "Light weight" | This claim term is indefinite under 35 U.S.C. §112, ¶2. | The claim term "light" is a relative term or a word of degree that must be defined with respect to another item or in absolute terms. "When a word of degree is used the patent's specification must provide some standard for measuring that degree to be definite." Star Scientific v. R. J. Tobacco, 537 F.3d 1357, 1373 (Fed. Cir. 2008) (citing Datamize v. Plumtree Software, 417 F.3d 1342, 1351 (Fed. Cir. 2005)). The Specification of the '114 Patent provides nothing that aids in the interpretation of the claim term "light." Accordingly, all claims incorporating the limitation "light weight" fail to satisfy 35 U.S.C. §112, ¶2, and therefore all claims are invalid for failure to particularly point out and distinctly claim the invention. |
| "planar sheet" | This claim term is indefinite under 35 U.S.C. §112, ¶2. | The claim term "planar" is a relative term or a word of degree that must be defined with respect to another item or in absolute terms. "When a word of degree is used the patent's specification must provide some standard for measuring that degree to be definite." Star Scientific v. R. J. Tobacco, 537 F.3d 1357, 1373 (Fed. Cir. 2008) (citing Datamize v. Plumtree Software, 417 F.3d 1342, 1351 (Fed. Cir. 2005)). |

5

| **Claim Term/Phrase** | **Definitions** | **Intrinsic/Extrinsic Support** |
|---|---|---|
| "fixed gas pockets | A locationally fixed pocket containing numerous and random bubbles generated from a chemical reaction of a foaming agent. | "When the temperature of the thermoplastic material in the rib section drops below the solidification temperature, the bubbles are trapped in the thermoplastic material to form small locationally fixed gas pockets." Specification, column 6, lines 45-48. "Newly presented claim 21 includes a feature of the gas pockets being small bubbled (i.e. closed) cells that form foam ribbed layers." Office Action Response dated December 3, 2003, page 5. "In contrast to this, the gas pockets of the present invention are generated from a chemical reaction of foaming agent in which numerous and random closed cells are created." Office Action Response dated December 3, 2003, page 6 |
| Small | This claim term is indefinite under 35 U.S.C. §112, ¶2. | The claim term "small" is a relative term or a word of degree that must be defined with respect to another item or in absolute terms. "When a word of degree is used the patent's specification must provide some standard for measuring that degree to be definite." Star Scientific v. R. J. Tobacco, 537 F.3d 1357, 1373 (Fed. Cir. 2008) (citing Datamize v. Plumtree Software, 417 F.3d 1342, 1351 (Fed. Cir. 2005)). The Specification of the '114 Patent provides nothing that aids in the interpretation of the claim terms "small." The Specification of the '114 Patent provides no absolute terms differentiating between "small" feature or any other feature. Accordingly, all claims incorporating the limitation "small" fail to satisfy 35 U.S.C. §112, ¶2, and therefore all claims are invalid for failure to particularly point out and distinctly claim the invention. |
| Closed bubbles | This claim term is indefinite under 35 U.S.C. §112, ¶2. | The Specification fails to provide any definition or clarity for this phrase. The phrase "closed bubbles" is not used in the Specification. The phrase "closed bubbles" was introduced by way of an amendment to the claims filed on December 3, 2003. There is no basis for differentiating a "closed bubble" as recited in the claims from any other bubble. All claims incorporating the phrase "closed bubbles" fail to satisfy 35 U.S.C. §112, ¶2, and therefore all claims are invalid for failure to particularly point out and distinctly claim the invention. |
| Foamed extension to said ribs | This claim term is indefinite under 35 U.S.C. §112, ¶2. | The Specification fails to provide any definition or clarity for this phrase. The phrase "foamed extension to said ribs" is not used in the Specification. The phrase "foamed extension to said ribs" was introduced by way of an amendment to the claims filed on December 3, 2003. All claims incorporating the phrase "foamed extension to said ribs" fail to satisfy 35 U.S.C. §112, ¶2, and therefore all claims are invalid for failure to particularly point out and distinctly claim the invention. |

| **Claim Term/Phrase** | **Definitions** | **Intrinsic/Extrinsic Support** |
|---|---|---|
| Integral form | The claimed structure is formed as a unitary piece of thermoplastic material. | "It is clear from this disclosure that the term 'integral' as used in claim 2 means that the board is formed as a unitary piece of thermoplastic material." Amendment dated May 11, 2010. |
| Generally free of gas pockets comprising closed bubbles | This claim term is indefinite under 35 U.S.C. §112, ¶2. | The phrase "generally free" is a relative phrase or a phrase of degree that must be defined with respect to another item or in absolute terms. "When a word of degree is used the patent's specification must provide some standard for measuring that degree to be definite." Star Scientific v. R. J. Tobacco, 537 F.3d 1357, 1373 (Fed. Cir. 2008) (citing Datamize v. Plumtree Software, 417 F.3d 1342, 1351 (Fed. Cir. 2005)).  The Specification of the '114 Patent provides nothing that aids in the interpretation of the claim terms "generally free…."  Accordingly, all claims incorporating the limitation "generally free of gas pockets comprising closed bubbles" fail to satisfy 35 U.S.C. §112, ¶2, and therefore all claims are invalid for failure to particularly point out and distinctly claim the invention. |
| Contains a blowing agent | The claimed structure includes a blowing agent. | |
| Do not contain a blowing agent | The claimed structure does not include a blowing agent. | |
| Integral extrusion | The claimed structure is formed as a unitary piece of thermoplastic material formed by way of an extrusion process. | "It is clear from this disclosure that the term 'integral' as used in claim 2 means that the board is formed as a unitary piece of thermoplastic material." Amendment dated May 11, 2010. |
| Top skin layer | This claim term is indefinite under 35 U.S.C. §112, ¶2. | The Specification fails to provide any definition or clarity for this phrase.  All claims incorporating the phrase "top skin layer" fail to satisfy 35 U.S.C. §112, ¶2, and therefore all claims incorporating the phrase "top skin layer" are invalid for failure to particularly point out and distinctly claim the invention. |
| Bottom skin layer | This claim term is indefinite under 35 U.S.C. §112, ¶2. | The Specification fails to provide any definition or clarity for this phrase.  All claims incorporating the phrase "bottom skin layer" fail to satisfy 35 U.S.C. §112, ¶2, and therefore all claims incorporating the phrase "bottom skin layer" are invalid for failure to particularly point out and distinctly claim the invention. |
| Core layer | The plurality of extending ribs and parts of the thermoplastic sheets. | "The core layer forms the plurality of extending ribs (14) and parts of planar sheets (12) and (13)." Specification, column 8, lines 12-14. |

**4-3(c): Anticipated Length of Time Needed for a Claim Construction Hearing:**

The parties estimate that 3-4 hours will be required for the claim construction hearing.

**4-3(d):  Witnesses:**

Inteplast may call Dr. Raphael Li, who is one of the inventors of the '114 Patent.  With the Court's permission, Dr. Li will provide an explanation of the process by which Inteplast manufactures its embodiment of the '114 patent.  Dr. Li will also be prepared to provide testimony about the formation of bubbles using blowing agents and how one skilled in the relevant art would interpret or understand certain disputed claim terms.  Inteplast is willing to make Dr. Li available to Coroplast for deposition on these topics prior to the *Markman* hearing.

**4-3(e):  Other Issues for the Court:**

The parties ask that the Court hear from the parties on a term-by-term basis, rather than hearing from Inteplast on all terms followed by a response from Coroplast on all terms.

Date:   August 31, 2011                              Respectfully submitted,

ARMSTRONG TEASDALE LLP                   STOEL RIVES LLP

By:   /s/ B. Scott Eidson                            By:  /s/ Matthew D. Thayne
David W. Harlan, #20127MO                     Marc T. Rasich (*pro hac vice*)
B. Scott Eidson, #57747MO                       Matthew D. Thayne (*pro hac vice*)
Richard L. Brophy, #59731MO                  201 S. Main Street, Suite 1100
7700 Forsyth Blvd., Suite 1800                   Salt Lake City, Utah  84111
St. Louis, Missouri 63105                           801- 328-3131 (telephone)
314-621-5070 (telephone)                          801-578-6999 (facsimile)
314-621-5065 (facsimile)                            mtrasich@stoel.com
dharlan@armstrongteasdale.com              kblaurence@stoel.com
seidson@armstrongteasdale.com
rbrophy@armstrongteasdale.com              PITZER SNODGRASS, P.C.
                                                                     Jessica L. Liss, #93685
*Attorneys for Plaintiff Inteplast Group, Ltd.*   100 S. Fourth Street, Suite 400
                                                                     Saint Louis, Missouri  63102-1821
                                                                     314- 421-5545 (telephone)
                                                                     314- 421-3144 (facsimile)
                                                                     liss@rpslaw.com

*Attorneys for Defendant Coroplast, Inc*